UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **MATTHEW FREEMAN** | § | |
| **Individually and on Behalf of** | § | |
| **All Others Similarly Situated,** | § | **CASE NO. 5:23-cv-00038** |
| | § | |
| **Plaintiff,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **V.** | § | |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| **LESCO BUILDERS, LLC** | § | **COLLECTIVE ACTION** |
| **AND TROY LESTER** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Matthew Freeman brings this action individually and on behalf of all current and former workers (hereinafter "Plaintiff and the Potential Class Members" or "Misclassified Workers") who worked for Defendant Lesco Builders, LLC and Troy Lester  (hereinafter collectively "Lester") and received a salary plus commission but were not paid overtime, to recover compensation, liquidated damages, attorney's fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2.      Plaintiff and the Potential Class Members are those persons who are current and former non-exempt workers classified as independent contractors —Misclassified Workers—of Lester who worked there within the last three years.

3.      Plaintiff and the Potential Class Members were (and are) paid as independent contractors on an hourly basis without payment of overtime wages. Specifically, Lester paid its

Misclassified Workers an hourly wage for all hours worked for each week worked without the proper overtime premium for all hours worked in excess of 40 in a workweek.

4.      The decision by Lester not to pay proper overtime compensation to its Misclassified Workers was neither reasonable nor in good faith.

5.      Lester knowingly and deliberately failed to compensate its Misclassified Workers overtime for all hours worked in excess of forty (40) hours per workweek.

6.      The Misclassified Workers did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

7.      Plaintiff and the Potential Class Members—the Misclassified Workers—therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8.      Plaintiff also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9.      Plaintiff Matthew Freeman ("Freeman") is an individual who resides in Bowie County, Texas. Plaintiff Freeman worked for Lesco Builders within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Freeman was paid a fixed salary but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Freeman  is attached hereto as Exhibit "A".

10.     The Potential Class Members are those current and former non-exempt employees who worked for Lesco Builders and who were subjected to the same illegal pay system under which Plaintiff worked and was paid—specifically, all other Misclassified Workers.

11.     Defendant Lesco Builders, LLC ("Lesco Builders") is a Texas limited liability company and may be served with process through its registered agent for service, United Agent Services LLC, 4645 Avalon Lane, Suite 210, Frisco, Texas 75033. Troy Lester is the owner/manager of Lesco Builders, LLC and may be served at 1935 US Highway 82 West, New Boston, Texas 75570.

### III.
### JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

13.     This Court has personal jurisdiction over Lesco Builders because the cause of action arose within this district as a result of Lesco Builders's conduct within this district.

14.     Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15.     Specifically, Lesco Builders has maintained a working presence in Texarkana, Texas which is in this District.

16.     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Eastern District of Texas.

### IV.
### FLSA COVERAGE

17.     At all times hereinafter mentioned, Lesco Builders has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.    At all times hereinafter mentioned, Lesco Builders has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.    At all times hereinafter mentioned, Lesco Builders has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

20.    During the respective periods of Plaintiff and the Potential Class Members' employment by Lesco Builders, these individuals provided services for Lesco Builders that involved interstate commerce.

21.    In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

22.    At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

23.    The proposed class of similarly situated independent contractor workers, i.e., potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Misclassified Workers employed by Lesco Builders from April 7, 2020 to the present."

24.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Lesco Builders.

**V.**
**FACTS**

25.     Lesco Builders is a building manufacturer in New Boston, Texas. Lesco Builders employed (and continues to employ) numerous workers that were classified as independent contractors and paid a salary but did not receive overtime for all hours worked—all of these individuals make up the putative class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

26.     Lesco Builders paid (and continues to pay) its Misclassified Workers a salary for the work they perform. The Misclassified Workers compensation system did not (and does not) take into account all hours worked in a workweek or overtime hours.

27.     While the precise job duties of the Misclassified Workers may vary somewhat, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of the Misclassified Workers are non-exempt employees.

28.     Plaintiff and the Misclassified Workers routinely worked over forty (40) hours per workweek.

29.     The Misclassified Workers daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Lesco Builders and/or its clients. Virtually every job function was pre-determined by Lesco Builders, including the schedule of work, and related work duties.

30.     The Misclassified Workers were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the Misclassified Workers job functions were primarily

production workers, requiring little to no official training, much less a college education or other advanced degree.

31.    The Misclassified Workers worked far in excess of 40 hours per week, yet Lesco Builders did not (and still does not) pay them the proper amount of overtime for all hours worked in excess of 40 in a week.

32.    Lesco Builders knows its Misclassified Workers work more than forty (40) hours in a week. The Misclassified Workers routinely work (and worked) in excess of forty (40) or more hours in each workweek.

33.    Thus, it is clear that Lesco Builders acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate the Misclassified Workers for all hours worked in excess of forty (40) during the workweek.

## VI.
## FLSA VIOLATIONS

34.    Lesco Builders violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

35.    Moreover, Lesco Builders knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation for all of the overtime hours they worked. *See* 29 U.S.C. § 255(a).

36.    Lesco Builders knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

37.    Lesco Builders is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

38.    Plaintiff and the Misclassified Workers, on the other hand, are (and were) unsophisticated workers who trusted Lesco Builders to pay them according to the law.

39.    The decisions and practices by Lesco Builders not to properly pay overtime for all of the overtime hours worked were neither reasonable nor in good faith.

40.    Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.
## MANAGERIAL LIABILITY OF LESTER

41.    Defendant Troy Lester is a manager of Lesco Builders with "substantial control over the terms and conditions of the work" of Plaintiff and the putative class members. As such, Lester is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d). Plaintiffs allege that Lester willfully ignored the plan language of the FLSA regarding the payment of overtime wages for each workweek and was consciously indifferent to the rights of Plaintiffs with regard to the payment of overtime wages. Plaintiffs further allege that Lester intentionally sought no professional advice as to the legality of the pay practices at issue in this case.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS

42.    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all current and former Lesco Builders independent contractor workers who are (or were) similarly

situated to Plaintiff Freeman with regard to the work they have performed and the manner in which they have been underpaid—the Misclassified Workers.

43.     Other similarly situated employees of Lesco Builders have been victimized by Lesco Builders' patterns, practices and policies, which are in willful violation of the FLSA.

44.     The Potential Class Members are "all Independent Contractor Workers employed by Lesco Builders at any time from April 7, 2020  to the present."

45.     Lesco Builders' failure to properly pay overtime wages results from generally applicable policies and practices of Lesco Builders and does not depend on the personal circumstances of the Plaintiff and Potential Class Members.

46.     Thus, Plaintiff's experiences are typical of the experiences of the Potential Class Members.

47.     The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

48.     All of the Misclassified Workers—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek; not just those hours worked in excess of ten (10) or twelve (12) in a day.

49.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

50.     Accordingly, the class of similarly situated Plaintiffs is defined as:

**All Independent Contractor Workers employed by Lesco Builders  at any time from April 7, 2020 to the present.**

## IX.
## RELIEF SOUGHT

51.     Plaintiff respectfully prays for judgment against Lester as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Lester to provide the names, addresses, e-mail addresses, mobile telephone numbers, and social security numbers of all potential collective action members;

b.      For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Lester liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.      For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.      For an Order awarding Plaintiff (and those who have joined in the suit) attorney's fees;

g.      For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h.      For an Order awarding Plaintiff, a service award as permitted by law;

i.      For an Order compelling the accounting of the books and records of Lester; and

j.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile
bhommel@hommelfirm.com

**ATTORNEY IN CHARGE FOR**
**PLAINTIFF AND POTENTIAL CLASS**
**MEMBERS**